UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

        Plaintiff,                       Case Number: 2:11-CV-12096

v.                                               HON. DENISE PAGE HOOD

DET. NICOLE QUISENBERRY, et al.,

        Defendants.

                                             /

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

Michigan state prisoner Robert Lee Childress, Jr., has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs seeking to proceed without prepayment of the $350.00 filing fee for this action. 28 U.S.C. § 1915(a)(1). Plaintiff names as defendants Oakland County Deputy Sheriff Nicole Quisenberry, and four employees of Hertz Rental Corporation. Plaintiff claims that the defendants conspired to maliciously prosecute him for a crime he did not commit.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff is a frequent filer in federal court. He has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Childress v. Hertz*, No. 2:10-cv-14586 (E.D. Mich. March 9, 2011); *Childress v. Caruso*, No. 4:10-cv-14725 (E.D. Mich. Dec. 10, 2010); *Childress v. Federal Bureau of Prisons*, No. 2:10-cv-14708 (E.D. Mich. Dec. 10, 2010).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the

exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, *2 (6th Cir. Mar. 28, 2011). *See also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury).

In this case, Plaintiff essentially challenges the processes and procedures leading to the convictions for which is presently incarcerated. These claims do not raise the danger of physical harm.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

**SO ORDERED**.

s/Denise Page Hood
United States District Judge

Dated: October 31, 2011

3

I hereby certify that a copy of the foregoing document was served upon Robert Childress #365065, 2500 S. Sheridan Drive, Muskegon, MI 49444 and  counsel of record on October 31, 2011, by electronic and/or ordinary mail.

                                                                   s/LaShawn R. Saulsberry
                                                                   Case Manager